UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JARON BURNETT,

                  Plaintiff,

-against-

WHITE PLAINS HOSPITAL; ALLIED UNIVERSAL SECURITY; ANTHONY ANDERSON; JOHN DOE SECURITY OFFICERS 1-4,

                  Defendants.

25-CV-6463 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff Jaron Burnett, who is appearing *pro se*, brings this action asserting claims for denial of his rights under federal and state law. His claims arose out of his visit on June 22, 2024, to White Plains Hospital. By order dated September 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

    The Court issued an order on September 3, 2025, directing the U.S. Marshals to effect service on the named Defendants and directing Allied Universal Security to provide the Court and Plaintiff with the identities and service addresses of those defendants who were not otherwise identified. (ECF No. 7.) On November 20, 2025, service on Defendants Allied Universal Security and Anthony Anderson was returned unexecuted, and the Court was informed that a new order of service was required to serve these Defendants at the correct address. (ECF Nos. 12-13.)

## DISCUSSION

A.   **Service on Allied Universal Security and Anthony Anderson**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Allied Universal Security and Anthony Anderson, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for those defendants, and deliver to the USMS all the paperwork necessary for the USMS to effect service upon those defendants.

If the complaint is not served on those defendants within 90 days after the date that summonses for those defendants issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.   **Identification of John Doe Security Guards**

In its September 3, 2025 order, the Court directed Allied Universal Security to ascertain the identity of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served, and to provide Plaintiff and the Court with this information within

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

sixty days of the order. Allied Universal Security has not provided this information within the sixty-day timeframe set by the Court, but given that the original order was sent to what appears to be an incorrect address, the Court grants Allied Universal Security an additional thirty days from the date it is served to comply.

As stated in the September 3 order, Plaintiff must file an amended complaint naming the John Doe defendant(s) within thirty days of receiving this information. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe defendants and deliver to the U.S. Marshals service all documents necessary to effect service.

## CONCLUSION

The Clerk of Court is instructed to complete the USM-285 form with the correct address for Allied Universal Security and Anthony Anderson, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail a copy of this order and the complaint to Allied Universal Security at 161 Washington St., Suite 600, Conshohockem, Pennsylvania 19428.

**SO ORDERED.**

Dated: November 21, 2025
       White Plains, New York

                                               CATHY SEIBEL, U.S.D.J.

## DEFENDANTS AND SERVICE ADDRESSES

1. Allied Universal Security
   161 Washington St., Suite 600
   Conshohockem, Pennsylvania 19428

2. Anthony Anderson
   c/o Allied Universal Security
   161 Washington St., Suite 600
   Conshohockem, Pennsylvania 19428