UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

JARON BURNETT,  Civil Action No.: 7:25-cv-06463-CS

Plaintiff, Pro Se      Hon. Cathy Seibel
v.
WHITE PLAINS HOSPITAL, et al.,
Defendants.
RENEWED MOTION FOR APPOINTMENT OF COUNSEL

Dear Judge Seibel:

I respectfully submit this Renewed Motion for Appointment of Pro Bono Counsel to represent me in this matter under 28 U.S.C. §1915(e)(1).

This motion renews the request made in Document 9 (denied by the Court on 9/11/2025, Doc. 10) and argues that the circumstances have changed such that the "later stage of the case" anticipated by the Court has now arrived, making the appointment of counsel necessary for a just determination.

I. The Disparity in Resources Has Increased (Hodge Factor)

   Opposing Counsel: Defendants White Plains Hospital and Anthony Anderson are now represented by two experienced defense attorneys, Kurtis R. McManus and Stephanie B. Gitnik, who have already initiated a Motion to Dismiss.

   Pro Se Litigant: I have only a high school education and no prior experience litigating a civil rights case in federal court. I am at a severe disadvantage against two trained and experienced legal teams.

II. The Case is Now Procedurally Complex (Hodge Factor)

Impending Motion to Dismiss: The defense has requested permission to file a Motion to Dismiss (Doc. 17). The Court ordered me to submit a substantive response by December 30, 2025 (Doc. 18).

Complex Legal Issues: The defense's motion will focus on the legally complex issue of "state action" under 42 U.S.C. §1983, requiring detailed analysis of the Joint Action and Public Function doctrines.

Need for Counsel: Without a lawyer, I lack the ability to properly investigate the crucial facts, conduct necessary discovery (including securing and analyzing video and medical records), or respond effectively to a Motion to Dismiss that requires knowledge of complex case law and procedural rules.

III. Financial Status and Good Faith Efforts (Hodge Factor)

Financial Status: I continue to meet the financial requirements of 28 U.S.C. §1915(e)(1) as I was previously granted In Forma Pauperis (IFP) status (Doc. 5) and am currently receiving SSI (Supplemental Security Income).

Good Faith Search: I have diligently sought counsel, contacting numerous lawyers with no success, as is common for private civil rights cases. The need for the Court to seek a volunteer is paramount.

IV. Conclusion

Given that I am now facing a complex Motion to Dismiss, represented by two experienced attorneys, and must address difficult legal issues, the "later stage" of the case has arrived. Appointing counsel will prevent prejudice to my ability to present the case and will assist the Court by ensuring the case proceeds efficiently and fairly.

I respectfully request that the Court grant this Renewed Motion and seek a volunteer attorney from the Court's Pro Bono Panel.

Dated: December 3, 2025

Respectfully submitted,   Jaron burnett   *Jaron burnett*

All that has changed is that counsel for Defendants has appeared, which was not unexpected, and that they wish to move to dismiss, which was also not unexpected. The fact remains that the Court has no authority to appoint counsel in civil cases and such counsel are a scarce resource. It remains too early to tell, under Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986), whether the claims are likely to be of substance or whether we will get to discovery or trial. Finally, the issues are not particularly complex and Plaintiff's own letter in response to Defendants' pre-motion letter shows he understands them. Accordingly, the application is again denied without prejudice to renewal at a later stage of the case. The Clerk of Court is respectfully directed to terminate ECF No. 23.

SO ORDERED.

CATHY SEIBEL, U.S.D.J.

~~12/5/25~~

12/4/25